# IN THE UNITED STATES DISTRICT COURT
# GREENBELT DIVISION

| | |
|---|---|
| Alex Williams Johnson, pro per<br>Plaintiff<br>-v-<br>UNITED CONSUMERS, INC.<br>Defendants | CASE#   **GJH 19 CV 1915**<br><br>VERIFIED COMPLAINT<br>**TRIAL BY JURY DEMANDED**<br>**SPEEDY TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff, Alex Williams Johnson, individually, hereby sues Defendant, UNITED CONSUMERS, INC., for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Maryland Telephone Consumer Protection Act (MTCPA) Title 14 Subtitle 32 Sect. 3201 .

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), and Maryland Telephone Consumer Protection Act (MTCPA) Title 14 Subtitle 32 Sect. 3201.

1

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Collection Company have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $3,500.00.

## PARTIES

7. Plaintiff, Alex Williams Johnson, is a natural person and is a resident of the State of Maryland.

8. Upon information and belief Defendant, UNITED CONSUMERS, INC. ("UCI") is a foreign corporation, authorized to do business in Maryland.

## *FACTUAL ALLEGATIONS*

9. From March 26 thru May 28, 2019, UCI violated the TCPA by leaving 4 recorded messages using an automatic telephone dialing system or artificial or prerecorded voice to Plaintiffs cell phone.

10. From March 26, thru May 28, 2019, UCI violated the TCPA by calling Plaintiff's cell phone 4 times with no prior permission given by Plaintiff.

11. On March 26, April 11, April 30 and May 28, 2019 the Defendant UCI violated the TCPA by by leaving recorded messages on Plaintiffs cell phone without express permission.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

12. Plaintiff alleges and incorporates the information in paragraphs 1 through 11.

13. Defendants UCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

14. Defendant UCI has committed 4 separate violations of 47 U.S.C. §227(b)(1)(A) and U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

15. Defendant UCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with a representative on or about date May 13, 2019 and instructed her to not call again who assured me the calls would stop. Since then UCI refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

16. Defendant UCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given UCI permission to call Plaintiffs cell phone. Plaintiff is entitled to

damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff , UCI do not have an established business relationship within the meaning of 47 U.S.C. §227.

17. Defendant UCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff once after receiving the notice of potential lawsuit and after hearing the demand to stop calling with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against UCI for actual or statutory damages, punitive damages, and costs.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __17__ of June 2019

*johnson, alex williams*

Alex Williams Johnson
c/o 100 Garden Gate Lane,
Upper Marlboro, Maryland [20074]
240-320-4965
Alex237373@gmail.com

CERTIFICATE OF SERVICE

I, certify that on June 17, 2019, the foregoing verified complaint was sent via certified mail to Defendants;

(Registered Agent) for United Consumers Inc,
NATIONAL REGISTERED AGENTS, INC. OF MD.
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264